IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BONNIE WEST as next friend of
DUSTY TITTLE, deceased                                          PLAINTIFF

V.                                                              CIVIL ACTION NO.
                                                                3:08-CV-79-D-A

CITY OF HOUSTON, CHICKASAW
COUNTY, BILLY VOILS, CHIEF OF
POLICE CITY OF HOUSTON,
MARY ADAMS, employee of
City of Houston, ALICE MCGGAYHEE,
 employee of City of Houston, and
JIMMY SIMMONS, Sheriff of Chickasaw
County                                                          DEFENDANTS

## ORDER

The municipal defendants have requested that the court order plaintiff Bonnie West to provide a more definite statement of the claims against them [docket no. 6], and defendants Chickasaw County, Mississippi and Chickasaw County Sheriff, Jimmy Simmons have joined in the motion [docket no. 11]. The plaintiff contends that her intent-to-sue letter contained sufficient information for the defendants to be properly notified of the allegations against them [docket no. 17].

RULE 8 of the FED.CIV.R.P. requires that the pleading must contain certain information. In particular, the pleading must contain the following:

(1) a short and plain statement of the grounds for the court's jurisdiction...;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought....[1]

The complaint must give the defendant fair notice of the claim and the grounds for that claim.

---

[1] RULE 8(a) of the FED.CIV.R.P.

*Oktibbeha County School Dist. V. Travelers Ins. Co.*, 2006 WL 87622, *2 (N.D. Miss. 2006) (internal citations omitted). A complaint will be deemed inadequate if it fails to provide notice of circumstances that gave rise to the claim, or set forth sufficient information to outline the elements of the claim. *Beanal v. Freeport -McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

If a pleading is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant may request a more definite statement of the pleading. RULE 12(e) of the FED.CIV.R.P. Further, a bare bones allegation that a wrong occurred and which does not provide any of the facts that occurred, does not provide adequate notice. *Beanal*, 197 F.3d at 164 (citing to *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)).

In this instance the complaint provides mostly conclusory statements regarding violations of laws, with minimal facts to support those conclusions. Bare bones allegations such as these do not meet the pleading requirements under Rule 8(a). The plaintiff asserts that the defendants were properly notified of the facts and circumstances of her claim in the notice of the intent to sue letter. The intent to sue letter is not a part of the pleadings, thus cannot be relied upon to meet the requirements of Rule 8(a).

These pleadings are deficient in a number of ways. First, the plaintiff has failed to state the grounds upon which she is entitled to sue on behalf of Tittle. Secondly, rather than stating the grounds for the court's jurisdiction, the plaintiff merely asserts that "jurisdiction and venue are proper in this Honorable Court." This conclusion does not satisfy the pleading requirements of Rule 8(a)(1). In addition, the plaintiff concludes that Tittle "died as a result of suspicious circumstances and negligent acts conducted by employees of the City of Houston Police Department and Chickasaw County Sheriff's Department." The plaintiff presents insufficient

facts to establish the foundation for this claim. Finally, the pleadings are so vaguely written that it is not entirely clear to the court what particular legal claims the plaintiff is asserting. Although plaintiff refers to violations of "the Civil Rights Act of 1964, 42 U.S.C. § 1981, 1983, etc.," she offers only a modicum of information to provide grounds for those claims, and, indeed, other allegations in the complaint seem at odds with an intent to proceed under those statutes. Moreover, plaintiff has named individual defendants and alleged entitlement to punitive damages. Defendants, who might be entitled to claim immunity, have no way of determining how to raise the defense if they cannot discern what acts are charged against them. For these reasons, it is

ORDERED

That the municipal defendants' motion requiring the plaintiff provide a more definite statement of the pleadings is GRANTED. The request by Chickasaw County, Mississippi and Chickasaw County Sheriff, Jimmy Simmons to join in the municipal defendants' motion for a more definite statement is well taken. As required by Rule 12(e), the plaintiff shall, within ten days of this order, submit a more definite statement or risk entry of an order striking the complaint or granting other appropriate relief. She shall include in the more definite statement (1) the basis for plaintiff's standing; (2) the grounds for the court's jurisdiction; (3) a more definite statement of her legal claims as to all defendants, and (4) sufficient factual information to outline the elements for such claims,

This the 30th day of September, 2008.

                                            /s/ S. ALLAN ALEXANDER
                                            U.S. MAGISTRATE JUDGE